FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAR 28 2011

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY SARKIS, | No. 09-17506 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-01911-RMW |
| v. | |
| MIROSLAV LAJCAK, in his official capacity as High Representative and OFFICE OF THE HIGH REPRESENTATIVE, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Submitted March 17, 2011[**]
San Francisco, California

Before: WALLACE, FERNANDEZ, and CLIFTON, Circuit Judges.

Sarkis appeals from the district court's granting of defendants' motion to dismiss for lack of personal jurisdiction. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sarkis asserts claims based on his employment contract with the Office of the High Representative for Bosnia ("OHR").  Under the purposeful availment test used for contract claims, the court looks to whether the defendant took actions "such as executing or performing a contract" demonstrating that it "purposefully avail[ed] [it]self of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)

Sarkis argues that OHR[1] purposefully availed itself of the privilege of conducting activities in California because it negotiated and entered into a contract with a California resident.  However, OHR did not seek out a California resident for Sarkis's position.  It was purely fortuitous that Sarkis had a California address when the parties negotiated his contract.  The purposeful availment requirement is intended to ensure that jurisdiction is not based on such "random, fortuitous, or attenuated contacts."  *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Instead the Court has instructed us to "use a highly realistic approach," by looking at the "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing."  *Id.* at 478-

---

[1]Our reasoning for a lack of personal jurisdiction over OHR extends to High Representative Lajcak as well.

2

79. While OHR contacted Sarkis in California through phone and e-mail to negotiate his contract, the "use of the mails, telephone or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the forum state." *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985). The contemplated future consequences of the contract were that Sarkis would move to Bosnia and work for OHR. The terms of the contract did not make any reference to California, but did identify Sarajevo as Sarkis's duty station. The actual course of dealing conformed with the terms of the contract; Sarkis moved to Bosnia and worked for OHR in Sarajevo.

While Sarkis has cited cases where personal jurisdiction was found over an out-of-state company that hired a state resident, all of these cases involved a contract for the state resident to work in the state. One of the purposes of these contracts was for the out-of-state company to conduct business in the state. Here, by contrast, the point of the contract was to have Sarkis move to Bosnia to work for OHR. At no time during his employment did Sarkis perform work in California, nor did his employment contract suggest otherwise.

Sarkis also failed to establish personal jurisdiction for his tort claims under the "effects test" because he has not shown that OHR expressly aimed the alleged conduct at California, causing harm that it knew was likely to be suffered there.

3

*See Schwarzenegger*, 374 F.3d at 803. OHR did not target its solicitation of applications at California, rather it advertised internationally in the *Economist*. As for the allegedly fraudulent statements made during the negotiations, phone calls and other communications to a forum resident are not sufficient acts to authorize the exercise of personal jurisdiction. *Peterson*, 771 F.2d at 1262. Furthermore, the consequences of the alleged fraud, Sarkis moving to Bosnia, were felt in Bosnia, not California. Finally, the actual firing occurred in Bosnia, and OHR had no way of knowing where Sarkis would go after his termination.

No matter how many times Sarkis uses the word "California" in his briefs (approximately 275 times by our count),[2] he cannot change the fact that he entered into a contract for services to be performed in Bosnia and that any OHR contacts with California were mere coincidence. As such, OHR was not subject to personal jurisdiction in California. Since we affirm the district court's dismissal on personal jurisdiction grounds, there is no need to consider the other issues raised on appeal.

**AFFIRMED.**

---

[2]We also note with strong disapproval Appellant's repeated omission of spaces between words in order to claim that his reply brief just barely fits (by two words) under the word limit. The reply brief is forty-three pages, the length of many opening briefs, making it clear that the brief actually exceeds the limit.